IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHANIE HOOVER,

      Plaintiff,                            No. CIV S-09-2586 DAD PS

    v.

MICHAEL J. ASTRUE,                  <u>ORDER</u>
Commissioner of Social Security,

      Defendant.
_____/

        On May 5, 2010, the court ordered the pro se plaintiff to show cause in writing why this case should not be dismissed for lack of prosecution. Plaintiff has filed a timely response to the order, together with a document titled "Motion for Voluntary Remand." Plaintiff asserts that she has been dealing with a family emergency since March and "was unaware that the required time had expired." She states that she would like the case to continue.

        On September 18, 2009, the court served on plaintiff a document titled "Scheduling Order." The Scheduling Order provides that

> [p]laintiff may prosecute this action in either of the following two ways:
>
>     a. Plaintiff shall file a motion for summary judgment and/or remand, within 45 days from being served with a copy of the administrative record; or

1

      b. If plaintiff has new evidence outside the evidentiary record, plaintiff may submit the new evidence with a request for voluntary remand to the Office of the General Counsel – Region IX, Social Security Administration, 333 Market Street, Suite 1500, San Francisco, California 94105. A copy of the request for voluntary remand must be served on the defendant. Within 30 days from the later of the date new evidence is served or the date the answer is filed, defendant shall notify the plaintiff whether or not the case will be voluntarily remanded. Within 45 days from notification that remand is declined, plaintiff shall file a motion for summary judgment and/or remand in this court.

(Scheduling Order filed Sept. 18, 2009 (Doc. No. 4), at 2-3.) Plaintiff was cautioned that

> [t]he court will not contact counsel or the parties to remind them of these scheduling deadlines. Failure to adhere to the schedule outlined above may result in sanctions, including dismissal. . . . Plaintiff has an affirmative duty to prosecute this action, and failure to do so may result in a dismissal with prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

(Id.)

Plaintiff has been on notice since September 2009 that it is her duty to prosecute this action and that she alone is responsible for calculating her scheduling deadlines and meeting them. If plaintiff had new evidence, i.e., "evidence outside the evidentiary record," she could have sent a request for voluntary remand to the Office of the General Counsel in San Francisco immediately after defendant filed a notice of appearance on December 21, 2009. At the latest, plaintiff should have sent any request for voluntary remand to the Office of the General Counsel within 45 days after defendant's answer was filed on March 3, 2010. If plaintiff did not have any new evidence, she was obligated to file her motion for summary judgment within 45 days after she was served with a copy of the administrative record. The record reflects that defendant served a paper copy of the administrative record upon plaintiff by mail on March 3, 2010. Thus, plaintiff's 45-day period for filing a motion for summary judgment and/or remand began to run on March 4, 2010, and ended on April 17, 2010.

The court has reviewed plaintiff's "Motion for Voluntary Remand" and finds that it does not meet the requirements of either option set forth in the Scheduling Order. Voluntary

Case 2:09-cv-02586-DAD  Document 19  Filed 05/24/10  Page 3 of 4

1  remand may be requested from the Office of the General Counsel, and it appears that plaintiff
2  served a copy of her motion on that office, but voluntary remand cannot be obtained by motion
3  addressed to the court.  Accordingly, the motion filed with the court will be denied because it
4  seeks relief not available from the court.

5            To the extent that plaintiff intended to submit a request for voluntary remand to
6  the Office of the General Counsel, the court notes that the request does not appear to be properly
7  based on "new evidence outside the evidentiary record."  Plaintiff's request is supported in part
8  by non-evidentiary information from internet sources and in part by medical documentation that
9  may be part of the administrative record.  The dates of all but two of the medical documents
10 attached to plaintiff's request for voluntary remand pre-date February 11, 2009, the date on
11 which the Administrative Law Judge issued a decision in plaintiff's case.  Although the
12 document presented as "Attachment 13" to plaintiff's request is dated March 6, 2009, that
13 document was submitted to the Appeals Council and is part of the evidentiary record as Exhibit
14 B21F.  The one-page radiology report presented as "Attachment 06" to plaintiff's request appears
15 to be new evidence because the report is dated October 7, 2009, and the Appeals Counsel had
16 issued its decision on May 22, 2009.  If the radiology report is plaintiff's only new evidence,
17 voluntary remand is unlikely.  Nonetheless, defendant will be directed to notify plaintiff within
18 30 days after this order is filed whether her case will be voluntarily remanded.

19            In the interests of justice, the court's order to show cause will be discharged, and
20 the pro se plaintiff will be granted an additional 45 days from the date of this order in which to
21 file a proper motion for summary judgment and/or remand.  The motion must comply with the
22 following requirements, which were previously set forth in the court's Scheduling Order.

> Briefs in support of a motion for summary judgment should
> contain the following:  (1) a plain description of plaintiff's alleged
> physical or emotional impairments, when plaintiff contends the
> impairments became disabling, and how the impairments disable
> plaintiff from work; (2) a summary of the administrative
> proceedings before the Commissioner of Social Security; (3) a
> summary of relevant medical evidence including an explanation of

clinical and laboratory findings and the purpose and effect of prescribed medication and therapy; (4) a summary of the relevant testimony at the administrative hearing; (5) a recitation of the Commissioner's findings and conclusions relevant to plaintiff's claims; (6) a short, separate statement of each of plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance upon an erroneous legal standard; and (7) argument separately addressing each claimed error. . . .  Failure to organize the brief in this manner may lead to sanctions, including striking of the motion . . . .

(Scheduling Order filed Sept. 18, 2009 (Doc. No. 4), at 2-3.)

Good cause appearing, IT IS ORDERED that:

1. The court's May 5, 2010 order to show cause (Doc. No. 16) is discharged.

2. Plaintiff's May 18, 2010 motion for voluntary remand by the court (Doc. No. 18) is denied.

3. Defendant shall notify plaintiff within 30 days after this order is filed whether the case will be voluntarily remanded.

4. Plaintiff shall file and serve a motion for summary judgment and/or remand within 45 days after this order is filed.  The motion must comply with all requirements set forth in this order.  Failure to <u>timely</u> file the required motion will result in dismissal of the action.

5. Defendant's opposition or cross-motion to a timely filed motion for summary judgment and/or remand shall be filed in accordance with the scheduling order issued on September 18, 2009.

DATED: May 21, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/hoover2586.osc.dsch.ext

4